## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| TIAJUANA COOPER-SNYDER, | ) |
| | ) |
| Plaintiff, | ) Case No. 24-cv-9173 |
| | ) |
| v. | ) The Hon. Judge |
| | ) |
| CHICAGO STATE UNIVERSITY, | ) Magistrate Judge |
| | ) |
| Defendant. | ) **JURY DEMANDED** |

## COMPLAINT

TIAJUANA COOPER-SNYDER (Plaintiff or Cooper), by and through her undersigned counsel, Cass T. Casper, Esq., DISPARTI LAW GROUP, P.A., complains as follows against Defendant CHICAGO STATE UNIVERSITY (Defendant).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1337 and pursuant to the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, as amended (FMLA).

2. Venue is proper under 28 U.S.C. § 1391 because the events and omissions giving rise to the claims herein have occurred in this judicial district, and because Defendant maintains its place of operation within this judicial district.

## PARTIES

3. Plaintiff Cooper is a legal adult and a resident of this judicial district who was formerly employed as an Administrative Assistant at Defendant's Chicago, Illinois campus.

4. Defendant is a public University with its principal office located at 9501 S. King Drive, Chicago, Illinois 60628.

## FACTS COMMON TO ALL COUNTS

5. Plaintiff had been employed by the Defendant since April 3, 2023.

6. As of in or about February, 2024, Plaintiff had severe end stage osteoarthritis which required a total left knee replacement.

7. Plaintiff requested leave under the FMLA on February 8, 2024, with the leave beginning on March 19, 2024, for the purpose of undergoing and recovering from knee surgery.

8. Plaintiff's FMLA application requested eight weeks of FMLA leave beginning on March 19, 2024, and ending on May 19, 2024.

9. Plaintiff contacted her supervisor, Antwone Cameron, during the last week of February, 2024, to inquire about the status of her FMLA application.

10. Defendant was aware of Plaintiff's FMLA application at least on or about the last week of February, 2024.

11. Defendant denied Plaintiff's FMLA application on February 29, 2024, and terminated her employment on March 7, 2024.

12. Plaintiff would have been eligible to take FMLA leave starting on or about April 3, 2024, and her requested leave under the FMLA would have been from March 19, 2024 to May 19, 2024, meaning that for the greater part of her requested leave she would have been FMLA eligible.

13. Plaintiff's termination was retaliation for her FMLA request.

**COUNT 1 – 29 U.S.C. § 2615 - FMLA – RETALIATION**
(Plaintiff v. Defendant)

14. Plaintiff restates, realleges, and incorporates by reference the foregoing paragraphs of this Complaint as if fully replead herein.

15. The FMLA creates a direct private right of action for employees such as Plaintiff to sue for redress for violations of the Act. *See* 29 U.S.C. § 2617(a)(2).

16. To make a claim for retaliation under the FMLA, a plaintiff must plead and prove that her employer took an adverse action against her because of her activity protected under FMLA. *See, e.g.*, *Burnett v. LFW, Inc.*, 472 F.3d 471, 482 (7th Cir. 2006); *see* 29 U.S.C. § 2615.

17. The FMLA protects an employee who attempts to exercise their right to request leave even though they are not an eligible employee at the time of the request. *See Reynolds v. Inter-Industry Conference on Auto Collision Repair*, 594 F.Supp.2d 925, 928-29 (N.D. Ill. 2009).

18. Plaintiff was entitled to take FMLA leave because she would have been an eligible employee at the time of the leave from April 3, 2024 forward, and because she had not exhausted the twelve weeks of leave that would have been afforded under the Act.

19. Plaintiff provided sufficient notice of her need to take FMLA leave by physically handing in the completed FMLA documentation to Defendant on February 8, 2024.

20. Defendant denied Plaintiff's FMLA leave request on February 29, 2024.

21. Instead of granting Plaintiff's request for FMLA leave, Defendant terminated her employment on March 7, 2024.

22. Defendant caused Plaintiff to suffer damages as a result of its retaliation for her exercise of FMLA rights, including loss of job, benefits, pay and salary, and health insurance.

Based on the foregoing, Plaintiff respectfully requests that this Court enter judgment in her favor, and against Defendant, and order Defendant to pay damages to Plaintiff in the amount of lost wages, salary, benefits, and all other compensation lost as a result of Defendant's violation of the Act, plus interest at the prevailing rate, plus an additional amount as liquidated damages, and additionally order that Defendant reinstate Plaintiff to his position with full make whole relief. In addition, Plaintiff prays that this Honorable Court award and allow Plaintiff a reasonable attorneys' fee award, reasonable expert witness fees, and the other costs of this action, along with such other relief as this Court deems just and proper.

**JURY DEMANDED ON ALL COUNTS**

Respectfully submitted,

**TIAJUANA COOPER-SNYDER**

*/s/ Cass T. Casper*

By:_____

     Cass T. Casper, Esq.
     Her Attorney

*Cass T. Casper, Esq.*
DISPARTI LAW GROUP, P.A.
121 W. Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: (312) 506-5511 ext. 331
E: cass.casper@dispartilaw.com

4